UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMELESS PRODUCTION FZ LLC,

Plaintiff,

v.

ZI ZHAO LIN,

Defendant.

Case No. 25-cv-05429-SK

**ORDER ON MOTION FOR ALTERNATIVE SERVICE**

Regarding Docket No. 35

This matter comes before the Court upon consideration of the motion to authorize alternative service by electronic mail under Federal Rule of Civil Procedure 4(f)(3) filed by Plaintiff Timeless Production FZ LLC ("Plaintiff"). Pursuant to Civil Local Rule 7-1(b), the Court finds that Plaintiff's motion, which is set to be heard on Monday, June 22, 2026 at 9:30 a.m., is appropriate for decision without oral argument. Accordingly, the hearing date is hereby VACATED.

Rule 4(f)(3) authorizes service of process on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Props., Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1014 (9th Cir.2002) (affirming service by email). Alternative means of service under Rule 4(f)(3) still must comport with constitutional notions of due process. *Id.* at 1016. "To meet this requirement, the method of service crafted by the district court must be reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016-17 (internal quotation marks and citation omitted).

Thus, Plaintiff must demonstrate that (1) international agreement does not prohibit service

United States District Court
Northern District of California

by email; and (2) service by email is reasonably calculated to provide actual notice to the defendant. *See Goes Int'l, AB v. Dodur Ltd.*, 2015 WL 1743393, at *2 (N.D. Cal. Apr. 16, 2015); *D.Light Design, Inc. v. Boxin Solar Co.*, 2015 WL 526835, at *1 (N.D. Cal. Feb. 6, 2015); *ADT Sec. Services, Inc. v. Security One Intern., Inc.*, 2012 WL 3580670, at *3 (N.D. Cal. Aug. 12, 2012).

Based on the conflicting information Plaintiff has been able to obtain, it is not clear whether Defendant Zi Zhao Lin ("Defendant") resides in China or Vietnam. Because the Hague Convention does not apply here, where Defendant's actual address is unknown, the Court need not consider the Hague Convention. *See* Art. 1, 20 U.S.T. 361, 658 U.N.T.S. 163 ("This Convention shall not apply where the address of the person to be served with the document is not known."); *see also Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 980 (N.D. Cal. 2020) (quoting Art. 1) ("by its terms, the Convention doesn't apply "where the address of the person to be served with the document is not known.").

Moreover, upon review of Plaintiff's motion and supporting evidence, the Court finds that Plaintiff has demonstrated that service by electronic mail is reasonably calculated to provide actual notice to Defendant and, thus, satisfies due process. Therefore, the Court GRANTS Plaintiff's motion. Plaintiff may serve Defendant through alternative means at the following electronic mail addresses: bung3ngan@gmail.com and smusic9x@gmail.com.

**IT IS SO ORDERED**.

Dated: June 15, 2026

SALLIE KIM
United States Magistrate Judge